

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
JAN 19 2012
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

JONATHAN W.MUNSEY#19072

PLAINTIFF,

VS.

WILLIAM SADLER/INDIVIDUAL AND OFFICIAL CAPACITY(2001 TO LEAVING OFFICE)
SCOTT ASH/INDIVIDUAL AND OFFICIAL CAPACITY(TIME OF ENTERING SAID POSITION TO PRESENT)

DEFENDANTS,

CIVIL ACTION NO. 1:12-0097

## COMPLAINT

### I. PREVIOUS LAWSUITS

PLAINTIFF STATES THAT HE HAS NOT BEGUN ANY OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO HIS IMPRISONMENT.

### II. PLACE OF CONFINEMENT

PLAINTIFF STATES THAT HE IS CURRENTLY INCARCERATED AT ST.MARYS CORRECTIONAL CENTER.

ST.MARYS CORRECTIONAL CENTER
2880 NORTH PLEASANTS HIGHWAY
ST.MARYS,WEST VIRGINIA
26170

### III. PARTIES

A. PLAINTIFF: JONATHAN W.MUNSEY#19072
ST.MARYS CORRECTIONAL CENTER
2880 NORTH PLEASANTS HIGHWAY
ST.MARYS,WEST VIRGINIA    26170

B. DEFENDANT: WILLIAM SADLER/PROSECUTING ATTORNEY FOR MERCER COUNTY,WEST VIRGINIA IN PLAINTIFFS CASE FROM 2001 TO TIME OF LEAVING OFFICE.

C. DEFENDANT: SCOTT ASH/PROSECUTING ATTORNEY IN MERCER COUNTY,WEST VIRGINIA IN PLAINTIFFS CASE FROM TIME OF ENTERING SAID POSITION TO PRESENT.

### IV. STATEMENT OF CLAIM

PLAINTIFF CLAIMS THAT DEFENDANTS,WILLIAM SADLER AND SCOTT ASH,ACTING IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS PROSECUTING ATTORNEYS FOR MERCER COUNTY,WEST VIRGINIA DID VIOLATE PLAINTIFFS CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS TO A FAST AND SPEEDY TRIAL PURSUANT TO THE SIXTH AMMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE III,§14,OF THE WEST VIRGINIA CONSTITUTION,PLAINTIFFS FOURTEENTH AMMENDMENT RIGHT TO DUE PROCESS AND PLAINTIFFS FOURTH AMMEN- DMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURES PURSUANT TO THE UNITED STATES

1

CONSTITUTION.

## PROCEDURAL HISTORY

(1).ON DECEMBER 19,2000,PLAINTIFF WAS ARRESTED IN MERCER COUNTY,WEST VIRGINIA ON A FUGITIVE WARRANT FROM TAZEWELL COUNTY,VIRGINIA.PLAINTIFF WAS SENT BY EXTRADITION TO VIRGINIA,WHERE PLAINTIFF WAS INCARCERATED UNTILL MAY 5,2008.

(2).BY INDICTMENT DATED,FEBUARY 14,2001,PLAINTIFF WAS CHARGED WITH 3 COUNTS BURGLARY AND 3 COUNTS GRAND LARCENY IN MERCER COUNTY,WEST VIRGINIA.(INDICTMENT NUMBER 01-FE-83 HEREAFTER REFERRED TO AS "HABEAS INDICTMENT") PLAINTIFF REMAINED INCARCERATED IN VIRGINIA AND NO DETAINER WAS SOUGHT FOR HIS RETURN TO ANSWER TO SAID CHARGES.

(3).ON MAY 5,2008,PLAINTIFF WAS RELEASED FROM THE VIRGINIA DEPARTMENT OF CORRECTIONS AND RETURNED TO MERCER COUNTY,WEST VIRGINIA TO LIVE.PLAINTIFF ALSO BECAME GAINFULLY EMPLOYED AT ACE HARDWARE.

(4).IN AUGUST,2008,PLAINTIFF WAS STOPPED IN A MINOR TRAFFIC VIOLATION AND WAS ARRESTED ON A CAPIAS WARRANT IN MERCER COUNTY CONCERNING "HABEAS INDICTMENT".PLAINTIFF WAS JAILED OVERNIGHT AND POSTED A $5,000.00 BOND.PLAINTIFF WAS LATER ARRAIGNED ON SEPTEMBER 5,2008.

(5).AS A RESULT OF THESE GHARGES,PLAINTIFF ENTERED INTO A PLEA AGREEMENT ON OCTOBER 29,2008 TO A 1-15 YEARS FOR BURGLARY AND A 1-10 YEARS FOR GRAND LARCENY.THESE SENTENCES WERE ORDERED TO RUN CONSECUTIVELY AND WAS SUSPENDED FOR 5 YEARS PROBATION ON JANUARY 5,2009.

(6).PURSUANT TO THE CONDITIONS OF PLAINTIFFS PROBATION,PLAINTIFF WAS REQUIRED TO MAINTAIN RESIDENCE IN MERCER COUNTY,WEST VIRGINIA AND FORGO HIS RESIDENCY PLANS IN NORTH CAROLINA,WHERE A MORE LUCRATIVE EMPLOYMENT WAS AVAILABLE.

(7).ADDITIONAL CONDITIONS OF PLAINTIFFS PROBATION INCLUDED DAY REPORT CENTER,RELATED CLASSES AND DRUG SCREENINGS.ALL THIS INCLUDED DAYS MISSED FROM PLAINTIFFS EMPLOYMENT.

(8).ON MARCH 23,2009,PLAINTIFF WAS ARRESTED ON 4 COUNTS OF BURGLARY.(INDICTMENT NUMBER 09-F-198 HEREINAFTER REFERRED TO AS "NEW CHARGES")PLAINTIFF WAS ISSUED A $100,000.00 BOND TO WHICH PLAINTIFF WAS PREPARED TO POST,PLAINTIFF COULD NOT POST THIS BOND DUE TO THE PROBATION HOLD THAT WAS PLACED ON HIM BY THE PROBATION OFFICE IN MERCER COUNTY CONCERNING "HABEAS INDICTMENT".

(9).ON JUNE 29,2009,PLAINTIFFS PROBATION WAS REVOKED AND PLAINTIFF WAS SENTENCED TO HIS SUSPENDED SENTENCE ON "HABEAS INDICTMENT".

(10).ON OCTOBER 29,2009,PLAINTIFF WAS SENTENCED TO A TERM OF 4-40 YEARS ON "NEW CHARGES".THIS SENTENCE WAS ORDERED TO RUN CONSECUTIVELY WITH PLAINTIFFS "HABEAS INDICTMENT" SENTENCE.

(11).WILLIAM SADLER WAS THE PROSECUTING ATTORNEY OF MERCER COUNTY,WEST VIRGINIA DURING THE FEBUARY 14,2001 TERM OF INDICTMENTS.AT SOME TIME UNKNOWN TO PLAINTIFF AND DURING PLAINTIFFS INCARCERATION IN VIRGINIA,WILLIAM SADLER LEFT THE PROSECUTING ATTORNEYS OFFICE IN MERCER COUNTY

(12).SCOTT ASH IS THE ASSISTING PROSECUTING ATTORNEY IN MERCER COUNTRY,WEST VIRGINIA AND ENTERED SAID POSITION,UNKNOWN TO PLAINTIFF,RELATED TO PLAINTIFFS CASE.

(13). ON NOVEMBER 16,2009,PLAINTIFF FILED A WRIT OF HABEAS CORPUS IN THE MERCER COUNTY CIRCUIT COURT CONCERNING "HABEAS INDICTMENT".PLAINTIFF ALLEGED THAT THE STATE OF WEST VIRGINIA,BY AND THROUGH BOTH,WILLIAM SADLER AND SCOTT ASH,PROSECUTING ATTORNEYS OF MERCER COUNTY VIOLATED PLAINTIFFS SIXTH AMMENDMENT RIGHT TO A FAST AND SPEEDY TRIAL PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS ACT.

(14). DURING THE HABEAS CORPUS PROCEEDINGS,SCOTT ASH CONCEDED THAT THE PLAINTIFF WAS ENTITLED TO THE RELIEF ASK FOR IN HIS HABEAS CORPUS,THEREFORE THE CONVICTION AND SENTENCE UNDER "HABEAS INDICTMENT" SHOULD BE VOIDED.

(15). ON AUGUST 10,2010,THE MERCER COUNTY CIRCUIT COURT GRANTED PLAINTIFFS HABEAS CORPUS, WHEREAS "HABEAS INDICTMENT" WAS VACATED.**(SEE ATTACHED ORDER)**

(16). DEFENDANTS,WILLIAM SADLER AND SCOTT ASH LACKED JURISDICTION AND JUSTIFICATION TO SUBJECT PLAINTIFF TO UNLAWFUL ARREST AND PROSECUTION AS DESCRIBED ABOVE CONCERNING "HABEAS INDICTMENT" CHARGES.

(17). DEFENDANTS,WILLIAM SADLER AND SCOTT ASH ACTED WANTONLY,NEGLIGENTLY AND WILLFULLY IN PLAINTIFFS CASE UNDER "HABEAS INDICTMENT".

## COUNT I
### PLAINTIFF WAS SUBJECTED TO A VIOLATION OF HIS SIXTH AMMENDMENT RIGHT TO A FAST AND SPEEDY TRIAL PURSUANT TO THE UNITED STATES CONSTITUTION

(18). PLAINTIFF INCORPORATES PARAGRAPHS 1-17 AS THOUGH THEY WERE STATED FULLY HEREIN.

(19). AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S FAILURE TO BRING PLAINTIFF TO TRIAL IN A TIMELY MANNER ON "HABEAS INDICTMENT",DEFENDANTS VIOLATED PLAINTIFFS SIXTH AMMENDMENT RIGHT TO A FAST AND SPEEDY TRIAL PURSUANT TO THE UNITED STATES CONSTITUTION.

(20). AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS SIXTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO UNLAWFUL ARREST,IMPRISONMENT AND PROBATION.

(21). AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS SIXTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO UNLAWFUL PROBATION CONDITIONS TO WHICH FOREFEITED HIS EMPLOYMENT OPPURTUNITIES IN NORTH CAROLINA,ALONG WITH LOSS OF WAGES AND EMPLOYMENT AT TIME OF PLAINTIFF BEING PLACED ON PROBATION.(PLAINTIFF WORKED AT ACE HARDW-ARE)

(22). AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS SIXTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO AN UNLAWFUL PROBATION HOLD WHERE PLAINTIFF COULD NOT POST BOND ON "NEW CHARGES" ON MARCH 23,2009.

(23). AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS SIXTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO AN UNLAWFUL PROBATION VIOLATION ON JUNE 29,2009,ON "HABEAS INDICTMENT" CHARGES,CAUSING PLAINTIFF TO BE INCARCERATED FOR 16 MONTHS ON "HABEAS INDICTMENT".

(24).AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS SIXTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO A SUBSEQUENT IMPRISONMENT TERM ON "NEW CHARGES",WHERE THE SENTENCING COURT USED PLAINTIFFS "HABEAS INDICTMENT" CHARGES FROM HIS PRE-SENTENCE REPORT IN SENTENCING HIM ON HIS "NEW CHARGES",WHEN PLAINTIFFS "HABEAS INDICTMENT" CHARGES WERE OBTAINED UNCONSTITUTIONALLY.

## COUNT II
### PLAINTIFF WAS DENIED DUE PROCESS PURSUANT TO THE FOURTEENTH AMMENDMENT TO THE UNITED STATES CONSTITUTION

(25).PLAINTIFF INCORPORATES PARAGRAPHS 1-17 AS THOUGH THEY WERE STATED FULLY HEREIN.

(26).AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S FAILURE TO BRING PLAINTIFF TO TRIAL IN A TIMELY MANNER ON "HABEAS INDICTMENT",DEFENDANTS VIOLATED PLAINTIFFS FOURTEENTH AMMENDMENT RIGHT TO DUE PROCESS PURSUANT TO THE UNITED STATES CONSTITUTION.

(27).AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS FOURTEENTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO UNLAWFUL ARREST, IMPRISONMENT AND PROBATION.

(28).AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS FOURTEENTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO UNLAWFUL PROBATION CONDITIONS TO WHICH FOREFEITED PLAINTIFFS EMPLOYMENT OPPURTUNITIES IN NORTH CAROLINA,ALONG WITH LOSS OF WAGES AND EMPLOYMENT AT TIME OF PLAINTIFF BEING PLACED ON PROBATION.(PLAINTIFF WORKED AT ACE HARDWARE)

(29).AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS FOURTEENTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO AN UNLAWFUL PROBATION HOLD,WHERE PLAINTIFF COULD NOT POST BOND AT ARREST ON "NEW CHARGES" ON MARCH 23,2009.

(30).AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS FOURTEENTH AMMENDMENT RIGHT,PLAINTIFF WAS SUBJECTED TO AN UNLAWFUL PROBATION VIOLATION ON JUNE 29,2009,UNDER "HABEAS INDICTMENT",CAUSING PLAINTIFF TO BE INCARCERATED FOR 16 MONTHS ON "HABEAS INDICTMENT".

(31).AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S VIOLATION OF PLAINTIFFS FOURTEENTH AMMENDMENT,PLAINTIFF WAS SUBJECTED TO A SUBSEQUENT IMPRISONMENT TERM ON "NEW CHARGES",WHERE THE SENTENCING COURT USED PLAINTIFFS "HABEAS INDICTMENT" CHARGES FROM HIS PRE-SENTENCE REPORT IN SENTENCING HIM ON HIS "NEW CHARGES",WHERE "HABEAS INDICTMENT" CHARGES WERE OBTAINED UNCONSTITUTIONALLY.

## COUNT III
### PLAINTIFF WAS SUBJECTED TO A VIOLATION OF HIS FOURTH AMMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE

(32). AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS,WILLIAM SADLER AND SCOTT ASH'S FAILURE TO BRING PLAINTIFF TO TRIAL IN A TIMELY MANNER CONCERNING "HABEAS INDICTMENT", PLAINTIFF WAS SUBJECTED TO AN UNREASONABLE SEARCH AND SEIZURE ON AUGUST,2008 AT PLAINTIFFS ARREST ON "HABEAS INDICTMENT" CHARGES AND AGAIN ON MARCH 23,2009,WHEN PLAINTIFF COULD NOT POST BOND ON "NEW CHARGES" DUE TO THE HOLD THAT WAS PLACED ON PLAINTIFF BY THE MERCER COUNTY PROBATION OFFICE,CONCERNING "HABEAS INDICTMENT" CHARGES.

(33). PLAINTIFF HAS NO PLAIN OR ADEQUATE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEGUN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF EACH DEFENDANTS UNLESS THE COURT GRANTS THE RELIEF WHICH PLAINTIFF SEEKS.

(34). PLAINTIFF ACCERTS THAT HE IS ENTITLED TO THE RELIEF REQUESTED AND HAS ESTABLISHED A VIOLATION OF HIS CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS GUARANTEED TO HIM PURSUANT TO THE UNITED STATES CONSTITUTION.

(35). PLAINTIFF HAS PROPERLY NAMED DEFENDANTS,ACTING UNDER COLOR OF LAW,THAT DID DEPRIVE THE PLAINTIFF OF HIS SIXTH,FOURTEENTH AND FOURTH AMMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

## V. RELIEF

WHEREFORE,PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT:

(1). A DECLARATION THAT THE ACTS AND OMMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS UNDER THE UNITED STATES AND WEST VIRGINIA CONSTITUTION.

(2). A PERMANENT INJUCTION ORDERING THE DEFENDANTS TO REFRAIN FROM PRACTICING THE SAME OR SIMILIAR CONDUCT TO PLAINTIFF OR ANY OTHER PERSONS.

(3). A JURY TRIAL ON ISSUES TRIABLE BY JURY.

(4). "HABEAS INDICTMENT" CHARGES TO BE EXPUNGED FROM PLAINTIFFS CRIMINAL RECORD AND NOT TO BE USED AGAINST PLAINTIFF IN ANY MATTER IN THE FUTURE.

(5). PLAINTIFF ASK FOR NOMINAL DAMAGES.

(6). COMPENSATORY DAMAGES IN THE AMOUNT OF ONE HUNDRED AND FIFTY THOUSAND DOLLARS($150,000.00) AGAINST EACH DEFENDANT,JOINTLY AND SEVERALLY.

(7). PUNITIVE DAMAGES IN THE AMOUNT OF ONE MILLION DOLLARS($1,000,000.00) AGAINST EACH DEFENDANT.

(8). PLAINTIFFS COST IN THIS CIVIL ACTION.

(9). ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST.

VII. COUNSEL

(1). PLAINTIFF STATES THAT HE HAS NOT PREVIOUSLY HAD COUNSEL REPRESENTING HIM IN A CIVIL ACTION IN THIS COURT.

(2). PLAINTIFF STATES THAT HE BRINGS THIS CIVIL ACTION PRO'SE AND HAS NOT MADE EFFORTS TO OBTAIN COUNSEL DUE TO PLAINTIFFS INDIGENCY AND THE NATURE OF THE CASE.

SIGNED THIS 17 DAY OF JANUARY, 2012.

JONATHAN W. MUNSEY #19072

ST. MARY'S CORRECTIONAL CENTER
2880 NORTH PLEASANTS HIGHWAY
ST. MARY'S, WEST VIRGINIA
26170

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON January 17, 2012.

JONATHAN W. MUNSEY #19072

Plaintiff

COPY

NOTED CIVIL DOCKET
AUG 10 2010
JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

JONATHAN WAYNE MUNSEY

Petitioner,

V.                                              CIVIL ACTION NO. 09-C-485

HENRY ROBINSON, WARDEN,
SOUTHERN REGIONAL JAIL,

Respondent.

## ORDER

On April 26, 2010, this matter came before the Court, the Honorable Derek C. Swope presiding, for a hearing on the Petitioner's Petition for Post Conviction Habeas Corpus Relief, brought pursuant to the provisions of Chapter 53, Article 4A, of the West Virginia Code, as amended, which was filed on his behalf by and through his court-appointed counsel, Paul Cassell[1], Esq., (styled as the "Amended Petition for Writ of *Habeas Corpus*") and on the "Supplemental Memorandum in Support of Amended Petition for Writ of *Habeas Corpus*." The Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on November 16, 2009. Scott Ash, Esq., Assistant Prosecuting Attorney for Mercer County, West Virginia appeared on behalf of the State of West Virginia. Upon review of the court file, the Petition for Writ of Habeas Corpus, the argument of counsel and the relevant law, the Court FINDS and ORDERS as follows:

---

[1] The Court notes that the Petitioner was first represented by Ward Morgan, Esq., who was later relieved as counsel. Paul Cassell, Esq., was appointed on December 2, 2009.

1) The Court FINDS that the Petitioner was arrested in West Virginia on a fugitive warrant from Virginia and was extradited to Tazewell County, Virginia on December 21, 2000;

2) The Court FINDS that on April 9, 2001, the Petitioner was incarcerated for eight (8) years for his probation violation[2] in the Circuit Court of Tazewell County, Virginia;

3) The Court FINDS that the Petitioner remained incarcerated in Virginia until May 5, 2008;

4) The Court FINDS that the Petitioner was indicted in Mercer County on February 14, 2001 and was charged with three (3) counts of Burglary and three (3) counts of Grand Larceny, arising from events which occurred in October through December of 2000;

5) The Court FINDS that the Mercer County Prosecuting Attorney's Office knew the location of the Petitioner but made no attempt to return him to West Virginia for trial on Indictment No. 01-FE-83;

6) The Court FINDS that Mercer County Prosecuting Attorney's Office offered no reason as to why the Petitioner was not returned to face trial on Indictment No. 01-FE-83;

7) The Court FINDS that due to his incarceration in Virginia, the Petitioner was not arraigned on the charges contained in Indictment No. 01-FE-83 until September 5, 2008;

8) The Court FINDS that the Petitioner pled guilty to one count of Burglary and one (1) count of Grand Larceny on October 29, 2008, and was sentenced to consecutive terms of 1-15 years for Burglary and 1-10 years for Grand Larceny, with such sentences suspended for a period of five (5) years probation;

---

[2] The Petitioner was convicted on February 28, 1996 of grand larceny and sentenced on February 28, 1996 to a term of ten (10) years in the penitentiary in the Circuit Court of Tazewell County, Virginia. The Petitioner's sentence of eight (8) years was suspended and the Defendant was placed on probation.

9) The Court FINDS that the Petitioner violated his probation and the suspended sentences were imposed;

10) The Court FINDS that the Petitioner filed his Writ of Petition for Habeas Corpus on November 16, 2009 alleging that his right to speedy trial was violated by the State of West Virginia pursuant to the Interstate Agreement of Detainers;[3]

11) The Court FINDS that the Omnibus Hearing on the Petitioner's Petition for Writ of Habeas Corpus was held on April 26, 2010;

12) The Court FINDS that the State did not file a Reply to the Petitioner's Petition, but instead notified the Court by letter on July 20, 2010 that it admitted that the Petitioner was entitled to the requested writ;

13) The Court FINDS that the Petitioner's sentence should be vacated with regard to the convictions in 01-FE-83 and that the same should be set aside, and the same dismissed;

14) The Court FINDS that the Petitioner was sentenced by the Honorable Omar Aboulhosn in Indictment No. 09-F-198 to serve one (1) to ten (10) years in the penitentiary for each offense of burglary contained in counts 1, 2, 4 and 6, of such Indictment, such sentences to run consecutively;

15) The Court FINDS that the Petitioner is currently serving the sentences for Indictment No. 09-F-198 at the Southern Regional Jail until he can be sent to the penitentiary. The Court further FINDS that this Order shall in no way abrogate any conviction that was not a part of the

---

[3] The Court notes that the Petitioner also alleged Ineffective Assistance of Counsel regarding speedy trial rights and drug use, sentencing, and all additional grounds raised in his *Losh* checklist.

3

instant Habeas Corpus Petition regarding Indictment No. 01-FE-83, and that he should continue to serve the sentence imposed on him in Indictment No. 09-F-198.

Therefore, it is ORDERED, ADJUDGED and DECREED as follows:

1) That the Petitioner's plea to the aforesaid charges in 01-F-83 be and the same is hereby set aside and held for naught;

2) That the sentence imposed on the Petitioner in 01-F-83 be vacated and set aside;

3) That the Petitioner continue to serve the sentences imposed by Judge Aboulhosn in 09-F-198;

4) That Civil Action No. 09-C-485, and Indictment No. 01-FE-83 are hereby dismissed and stricken from the dockets of this Court.

The Circuit Clerk is ordered to provide a copy of this order to Scott Ash, Esq., Mercer County Assistant Prosecuting Attorney, at 120 Scott Street, Suite 200, Princeton, WV 24740, and to Paul R. Cassell, Esq., at 340 W. Monroe Street, Wytheville, VA 24382.

**ENTER:** This the 10th day of August, 2010.

Derek C. Swope, Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PLAINTIFF,
    JONATHAN W.MUNSEY#19072

VS.                                      CIVIL ACTION NO. 1:12-0097

DEFENDANTS,
    WILLIAM SADLER/SCOTT ASH

## JURISDICTION

Plaintiff brings this 42 U.S.C.§1983 pro'se, pursuant to a violation of his constitutional rights. Federal Courts have jurisdiction over such cases.

## VENUE

Plaintiff brings this 42 U.S.C.§1983 pro'se in the Southern District of West Virginia. This is where the violations occurred.

## PARTIES



FILED
JAN 19 2012
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

PLAINTIFF: JONATHAN W.MUNSEY#19072
        ST.MARY'S CORRECTIONAL CENTER
        2880 NORTH PLEASANTS HIGHWAY
        ST.MARY'S, WEST VIRGINIA
                26170

DEFENDANTS: WILLIAM SADLER/PROSECUTING ATTORNEY FOR MERCER COUNTY, WEST VIRGINIA
        IN PLAINTIFFS CASE FROM 2001 TO 2003.
        1501 WEST MAIN STREET
        PRINCETON, WEST VIRGINIA
                24740

        SCOTT ASH/PROSECUTING ATTORNEY FOR MERCER COUNTY, WEST VIRGINIA IN
        PLAINTIFFS CASE FROM TIME OF ENTERING SAID POSITION TO PRESENT.
        1501 WEST MAIN STREET
        PRINCETON, WEST VIRGINIA
                24740