UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JONATHAN W. MUNSEY,              )
                                 )
          Plaintiff,             )
                                 )
v.                               )          Civil Action No. 1:12-0097
                                 )
WILLIAM SADLER, *et al.*,        )
                                 )
          Defendants.            )

PROPOSED FINDINGS AND RECOMMENDATION

On January 19, 2012, Plaintiff, acting *pro se* and in confinement at St. Marys Correctional Center, St. Marys, West Virginia, filed an Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.)

FACTUAL AND PROCEDURAL HISTORY

A.       Criminal proceedings.

On December 21, 2000, Plaintiff was arrested by West Virginia authorities pursuant to a fugitive warrant from Virginia and extradited to Tazewell County, Virginia. (Document No. 2, p. 8.) On February 14, 2001, Plaintiff was indicted by the Grand Jury in Mercer County, West Virginia, of three counts of Burglary and three counts of Grand Larceny (Case No. 01-F-83). (Id.) On April

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

9, 2001, the Circuit Court of Tazewell County, Virginia, sentenced Plaintiff to eight years for his probation violation. (Id.) Plaintiff completed his Tazewell County sentence on May 5, 2008. (Id.)

On September 5, 2008, Plaintiff was arraigned on his Mercer County charges in Case No. 01-F-83. (Id.) On October 29, 2008, Plaintiff pled guilty to one count of Burglary and one count of Grand Larceny in Case No. 01-F-83. (Id.) The Mercer County Circuit Court sentenced Plaintiff "to consecutive terms of 1-15 years for Burglary and 1-10 years for Grand Larceny, with such sentences suspended for a period of five (5) years probation." (Id.)

On March 23, 2009, Plaintiff was arrested on Indictment Number 09-F-198 charging Plaintiff with Burglary. (Id., p. 2.) On June 29, 2009, the Circuit Court of Mercer County determined that Plaintiff had violated the terms and conditions of his probation in Case No. 01-F-83 and reimposed his suspended sentences. (Id., pp. 2 and 9.) On October 29, 2009, Plaintiff was sentenced in Case No. 09-F-198 "to serve one (1) to ten (10) years in the penitentiary for each offense of burglary contained in counts 1, 2, 4 and 6, . . . such sentence to run consecutively." (Id.)

On November 16, 2009, Plaintiff, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County. (Id.) In his Petition, Plaintiff argued that his right to a speedy trial was violated pursuant to the Interstate Agreement of Detainers. (Id.) The Mercer County Circuit Court appointed counsel to represent Plaintiff and an omnibus hearing was conducted on April 26, 2010. (Id.) On July 20, 2010, the State notified the Court by letter that "it admitted that the Plaintiff was entitled to the requested writ." (Id.) By Order entered on August 10, 2010, the Circuit Court of Mercer County granted Plaintiff's Petition for Writ of *Habeas Corpus* and vacated his conviction and sentence in Case No. 01-F-83. (Id., pp. 7 - 10.)

2

### B.     Plaintiff's present filing.

On January 19, 2012, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Document No. 2.) Plaintiff names the following as defendants: (1) William Sadler, former Mercer County Prosecutor; and (2) Scott Ash, current Mercer County Prosecutor.(Id., p. 1.) Plaintiff claims that Defendants violated his constitutional rights by prosecuting him for the charges contained in the Indictment filed in Case No. 01-F-83. (Id., pp. 1 - 5.) Specifically, Plaintiff alleges that Defendants violated his Sixth Amendment right to a speedy trial (Id., pp. 3 - 4.), his Fourteenth Amendment right to due process (Id., p. 4.), and his Fourth Amendment right to be free from unreasonable search and seizure (Id., pp. 4 - 5.). Plaintiff states that as a result of Defendants' violation of his constitutional rights, "Plaintiff was subject to unlawful arrest, imprisonment, and probation." (Id., p. 3 - 5.) Plaintiff requests declaratory, injunctive, and monetary relief. (Id., p. 5.)

### THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic

or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. Id., 555 U.S. at 342 , 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(quoting Imbler, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and

4

actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 272, 113 S.Ct. at 2615(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996); Van de Kamp, 555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000)(stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].")

Furthermore, a prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." Shmueli v. City of New York, 424 F.3d 231, 237 (2nd Cir. 2005); also see Smith v. McCarthy, 349 Fed.Appx. 851, 859 (4th Cir. 2009), cert. denied, ___ U.S. ___, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000)("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. Burns, 500 U.S. at 490-92, 111 S.Ct., at 1941-42("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . .."); Imbler, 424 U.S. at 422,

5

96 S.Ct. 984 at 991(citing <u>Yaselli v. Goff</u>, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927))(finding prosecutor entitled to absolute immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); <u>also see</u> <u>Brown v. Daniel</u>, 230 F.3d at 1352; <u>Lyles v. Sparks</u>, 79 F.3d 372, 377 (4th Cir. 1996); <u>Carter v. Burch</u>, 34 F.3d 257, 263 (4th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995). Although prosecutors may be entitled to absolute immunity, prosecutors are subject to criminal and professional sanctions for prosecutorial abuses. <u>Imbler</u>, 424 U.S. at 429, 96 S.Ct. at 994; <u>Malley v. Briggs</u>, 475 U.S. 335, 343, n. 5, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is well recognized that "[a]bsolute prosecutorial immunity 'is not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" <u>Dababnah</u>, 208 F.3d at 471(quoting <u>Kalina v. Fletcher</u>, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)). The <u>Imbler</u> Court determined the importance of protecting the integrity of the prosecutor's office and the judicial system outweighs the desire to afford civil redress to a wronged defendant. <u>Imber</u>, 424 U.S. at 427 - 429, 96 S.Ct. at 993 - 994.

A prosecutor, however, is not entitled to absolute immunity for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." <u>Buckley</u>, 509 U.S. at 273, 113 S.Ct. at 2615(citing <u>Burns</u>, 500 U.S. at 491, 11 S.Ct. at 1941-42). Thus, a prosecutor is only entitled to qualified immunity for administrative actions or investigative functions not related to trial preparation, such as holding a press conference, engaging in investigative activity prior to the establishment of probable cause to arrest, providing police officers with legal advice during the investigative phase, or acting as a complaining witness in

support of a warrant application. Id.; also see Van de Kamp, 555 U.S. at 342 - 343, 129 S.Ct. at 861.

The Supreme Court has explained as follows:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction."

Buckley, 509 U.S. at 273, 113 S.Ct. at 2616(internal citations omitted). Thus, a prosecutor does not have absolute immunity for a claim that he or she fabricated evidence during the preliminary investigation of an unsolved crime. Id., 509 U.S. at 275, 113 S.Ct. at 2616 - 2617.

In the instant case, Plaintiff alleges that Defendants Sadler and Ash violated his constitutional rights by prosecuting Plaintiff based upon the Indictment filed in Case No. 01-F-83. Plaintiff explains that he was indicted in Case No. 01-F-83 on February 14, 2001, but he was not arraigned until September 5, 2008. Plaintiff pled guilty to two counts of the Indictment and was sentenced on October 29, 2008. Based on the foregoing, Plaintiff contends that Defendants violated his right to a speedy trial, his due process rights, and his right to be free from unreasonable search and seizure. As stated above, prosecutors are entitled to absolutely immune concerning their decision to initiate prosecution. See Imbler, 424 U.S. at 431, 96 S.Ct. at 995(holding that "in initiating a prosecution . . . the prosecutor is immune"). The Court further finds that Defendants Sadler and Ash are entitled to absolute immunity as their conduct was intimately associated with the judicial phase of the criminal process. See Imbler, 424 U.S. at 422, 96 S.Ct. 984 at 991(citing Yaselli, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927))(finding prosecutor entitled to absolute

immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); Smith, 349 Fed.Appx. at 859 (a prosecuting attorney is absolutely immune for conspiring with police officers to present false testimony and for withholding exculpatory evidence as these actions are "intimately associated with the judicial process); Logan v. Laterzo, 24 Fed.Appx. 579, 581 (7th Cir. 2001)(finding prosecutors absolutely immune for allegedly delaying the criminal trial by misrepresenting the existence of a crime-scene videotape); Brown, 230 F.3d at 1351(finding that prosecutor was entitled to absolute immunity for knowingly using perjured testimony); Lyles, 79 F.3d at 377(holding that a prosecutor enjoyed absolute immunity from claims that she made false representations and suborned perjury before the grand jury); Rhodes v. Smithers, 939 F.Supp. 1256, 1269 (S.D.W.Va. Sept. 15, 1995)(District Judge Copenhaver)("[T]he presentation of false testimony in the course of a judicial proceeding is an allegation 'for which the prosecutor is afford absolute immunity.'" *citing* Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994)). Although Plaintiff's constitutional rights may have been violated based upon the untimely prosecution, the undersigned finds that Defendants are entitled to absolute immunity for prosecuting Plaintiff pursuant to the Indictment filed in Case No. 01-F-83. See Ledwith v. Douglas, 568 F.2d 117, 119 (8th Cir. 1978)(finding plaintiff's "1983 claim for damages for libel and denial of a speedy trial are barred by the doctrine of prosecutorial immunity"); Barefoot v. Goulian, 2010 WL 2696760, *5 (E.D.N.C. July 7, 2010)(finding prosecutor entitled to absolute immunity for allegations that he failed to provide a speedy trial, withheld exculpatory evidence, and conducted warrantless searches of plaintiff's property.); Edwards v. Sabb, 2010 WL 4347759, * 2 (D.S.C. Aug. 4, 2010)("[T]he prosecutor has absolute immunity and cannot be sued in a District Court under 42 U.S.C. § 1983 for

8

failure to afford Plaintiff a speedy trial."); Keeper v. Davis, 2009 WL 2450439, * 6 (N.D.W.Va. Aug. 7, 2009)(finding prosecutor absolute immunity for speedy trial deprivation claim); Cribb v. Pelham, 552 F.Supp. 1217 (D.S.C. 1982)("Prosecutors enjoyed absolute immunity with respect to claims of denial of civil rights through denial of right to speedy trial."), aff'd, 782 F.2d 1034 (4th Cir. 1985). Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed because Defendants Sadler and Ash are absolutely immune from suit under Section 1983.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this

Magistrate Judge.

      The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

      Date: July 13, 2012.

R. Clarke VanDervort
United States Magistrate Judge