```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

**JONATHAN W. MUNSEY,**

    **Plaintiff,**

v.                                                 CIVIL ACTION NO. 1:12-0097

**WILLIAM SADLER, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

<u>I.  Introduction</u>

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge VanDervort submitted his proposed findings and recommendation on July 13, 2012.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's application to proceed without prepayment of fees, dismiss plaintiff's complaint, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363

(4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Petitioner filed objections to the Proposed Findings and Recommendation on July 26, 2012.  Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Background

On January 29, 2012, plaintiff filed the instant complaint, pursuant to 42 U.S.C. § 1983, against William Sadler, former Mercer County Prosecuting Attorney, and Scott Ash, the current Mercer County Prosecuting Attorney.  Specifically, Munsey claims that defendants violated his constitutional rights, including his right to a speedy trial, when they failed to comply with the Interstate Agreement of Detainers Act ("IAD") by waiting over seven years to try him on an indictment, Case No. 01-F-83, in Mercer County Circuit Court.[1]  Munsey pled guilty to two counts of

---

[1] A more detailed version of the factual and procedural history is laid out in the PF&R.

the six-count indictment in Case No. 01-F-83 and was sentenced to consecutive terms of 1-15 years for Burglary and 1-10 years for Grand Larceny, with such sentences suspended for a period of five (5) years probation.  Later, after being arrested on another indictment, on June 29, 2009, the Circuit Court of Mercer County determined that Munsey had violated the terms and conditions of his probation and reimposed his suspended sentences.  Munsey thereafter filed a Petition for Writ of Habeas Corpus in Mercer County Circuit Court, alleging that his rights to a speedy trial were violated under the IAD.  After the State admitted that Munsey was entitled to the requested writ, the court granted the writ and vacated Munsey's conviction and sentence in Case No. 01-F-83.

Acknowledging that Munsey's rights may have been violated because of his untimely prosecution, Magistrate Judge VanDervort nevertheless found that defendants were entitled to absolute immunity and, therefore, plaintiff's complaint was subject to dismissal.  Plaintiff objects to the magistrate judge's conclusion that defendants are entitled to immunity.

### III.  Analysis

It is well established that prosecuting attorneys are entitled to absolute immunity for actions taken in their role as a prosecuting attorney.  As our appeals court has explained:

> In Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that

3

>a prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." <u>Id.</u> at 431, 96 S. Ct. at 994.  The Court explained:
>
>>A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court.  The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages.  Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.
>
><u>Id.</u> at 424-25, 96 S. Ct. at 991-92.  This court has repeatedly reaffirmed that a prosecutor is entitled to absolute immunity for claims that rest on her decisions regarding "whether and when to prosecute." <u>Lyles v. Sparks</u>, 79 F.3d 372, 377 (4th Cir. 1996) (quoting <u>Imbler</u>, 424 U.S. at 431 n. 33, 96 S. Ct. at 996 n. 33); <u>see also</u> <u>Ehrlich v. Giuliani</u>, 910 F.2d 1220 (4th Cir.1990).

<u>Springmen v. Williams</u>, 122 F.3d 211, 213 (4th Cir. 1997).

According to Munsey, the act of placing a detainer, which is what he alleges failed to occur here, is purely an administrative act and has nothing to do with the judicial phase of the criminal process and, therefore, defendants are not entitled to absolute immunity.  Munsey's argument is without merit.

>The Interstate Agreement on Detainers Act (IAD), 18 U.S.C. App. § 2, is a compact among 48 States, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges. Article IV(c) of the IAD provides that trial of a transferred prisoner "shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State,

4

>   but for good cause shown in open court, . . . the court having jurisdiction of the matter may grant any necessary or reasonable continuance." IAD Article V(c) states that when trial does not occur within the time prescribed, the charges shall be dismissed with prejudice.

Reed v. Farley, 512 U.S. 339, 341-42 (1994). As the Court has said, "[t]he IAD's purpose - providing a nationally uniform means of transferring prisoners between jurisdictions - can be effectuated only by nationally uniform interpretation." Id. at 348.

As noted above, a prosecutor is entitled to absolute immunity for the initiation and prosecution of a criminal case. Springmen, 122 F.3d at 212-13 ("The doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution."); see also Brown v. Caldwell, Civil Action No. 7:13cv00553, 2014 WL 4540332, *7 (W.D. Va. Sept. 11, 2014) ("I find that the act of deciding whether to serve criminal arrest warrants upon an individual most certainly constitutes a decision as to whether and when to prosecute. It is difficult to imagine conduct more intimately related to the judicial process than a prosecutor's decision to proceed with the prosecution."). Distilled to its essence, plaintiff's claim is that the state denied his right to a speedy trial. However, prosecutors are also entitled to absolute immunity with respect to claims that they violated a defendant's speedy trial rights. See Glaser v. City & Cnty. of Denver, Colorado, 557 F. App'x 689, 705 (10th

Cir. 2014); Ledwith v. Douglas, 568 F.2d 117, 119 (8th Cir. 1978); see also Edwards v. Sabb, C/A No. 4:10-998-JFA-TER, 2010 WL 4347759, *2 (D.S.C. Aug. 4, 2010) ("However, the prosecutor has absolute immunity and cannot be sued in a District Court under 42 U.S.C. § 1983 for failure to afford Plaintiff a speedy trial.").

In an attempt to get around the foregoing impediment to his claim herein, Munsey argues that the failure to place a detainer was merely an administrative function and, therefore, not covered by absolute immunity. The court does not agree. The failure of the State to place a detainer and, as a consequence, the resulting delay in taking plaintiff's case to trial are action (or inaction as the case may be) covered by absolute immunity because it is clear they are intimately related to the judicial process. Plaintiff has cited no authority to the contrary.

However, even if the act of placing a detainer was considered an administrative task, defendants would still be entitled to immunity. "[E]ven some administrative tasks are subject to immunity, if the tasks are `necessary for a prosecutor to initiate or maintain a criminal prosecution.'" Heyerman v. Calhoun Cnty. Prosecutor's Office, No. 1:09-CV-411, 2010 WL 3505789, *3 (W.D. Mich. Sept. 7, 2010) (quoting Ireland v. Tunis, 113 F.3d 1435, 1447 (6th Cir. 1997)). Even if properly characterized as "administrative" in nature, lodging a detainer

6

is the "kind of administrative obligation . . . directly connected with the conduct of a trial." Van de Kamp v. Goldstein, 555 U.S. 335, 344 (2009). As such, it is the type of action for which a prosecutor is covered by absolute immunity. See id. at 348.

Furthermore, courts have also made clear that a prosecutor's action or inaction under the IAD is entitled to absolute immunity. See, e.g., Bush v. Muncy, 659 F.2d 402, 413 (4th Cir. 1981) ("As earlier indicated, the district court granted summary judgment for the Maryland officials who failed, in alleged violation of article IV(e) [of the IADA], to try Bush before his return to Virginia, on the basis that they had absolute prosecutorial immunity. We agree with that disposition."); Tungate v. Thoms, 45 F. App'x 502, 504 (6th Cir. Sept. 5, 2002) (prosecutor's request to transfer prisoner under IAD was not administrative act but, rather, prosecutorial act protected by absolute immunity); Thompson v. Worcester Cnty., Civil No. 10-40126-FDS, 2011 WL 2633270, *2 (D. Mass. July 1, 2011) ("Plaintiff contends that Early's decision to delay the transfer back to New York is outside the scope of prosecutorial immunity because it is an administrative task. . . . Plaintiff's argument is without merit. Courts addressing the issue have uniformly held that the transfer of a prisoner under the IAD is within the scope of a prosecutor's trial duties."); Ortiz v. Karnes, Civil

7

Action No. 2:06-cv-0562, 2006 WL 3507068, *2 (S.D. Ohio Dec. 4, 2006) ("A prosecutor who procures an extradition warrant and otherwise accomplishes the extradition of a criminal defendant pursuant to the Interstate Agreement on Detainers Act is performing a prosecutorial function and is therefore immune from suit with respect to those activities."); Gooding v. DiBenedetto, Civ. A. No. 89-8485, 1989 WL 149962, *1 (E.D. Pa. Dec. 7, 1989) (dismissing § 1983 claim against assistant district attorney for allegedly violating plaintiff's right to a speedy trial under the Interstate Agreement Act because assistant district attorney is entitled to absolute immunity).

As one court explained, "[t]his makes good sense. The decision to request a prisoner's transfer to face charges is closely related to the decision to bring charges in the first place." Thompson v. Worcester Cnty., Civil No. 10-40126-FDS, 2011 WL 2633270, *2 (D. Mass. July 1, 2011).  Furthermore, given that it is clear a prosecutor has absolute immunity for filing a "baseless detainer," see, e.g., Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979), it would make little since for that immunity to not extend to the decision to file a detainer in the first place.

### III.  Conclusion

Based on the foregoing, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and

legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court DENIES plaintiff's application to proceed without prepayment of fees and costs; DISMISSES plaintiff's complaint, and DIRECTS the Clerk to remove this matter from the court's docket.

    The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

    IT IS SO ORDERED this 24th day of October, 2014.

ENTER:

David A. Faber
Senior United States District Judge